UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WARREN WEST | : |
| | : |
| v. | : C.A. No. 12-781S |
| | : |
| THOMAS HOOVER, | : |
| et al. | : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) are Defendants' Second Motion to Dismiss (Document No. 22) and Defendants Rogers and Larisa's Second Motion for Partial Summary Judgment or, in the Alternative, to Dismiss. (Document No. 23). Plaintiff opposes both Motions. (Document Nos. 27 and 31). Neither side has requested a hearing on the Motions. For the following reasons, I recommend that Defendants' Motions be DENIED.

**Facts**

The following facts are gleaned from Plaintiff's Complaint[1] (Document No. 1-1) and, if well-plead, must be accepted by the Court as true in considering Defendants' Motions to Dismiss. Plaintiff Warren West was formerly employed by the Town of Coventry as its Finance Director. He was suspended from his position with pay on July 7, 2010 "pending an investigation into the matter concerning the maintenance of effort issue between the Town...and the...School Department as identified in the audit information provided by the town auditors." (Document No. 31-1 at p. 2). By

---

[1] Plaintiff's Complaint is titled as being "verified." However, while Plaintiff's signature is contained on the last page of the Complaint, Defendants accurately point out that there is no certification that Plaintiff, by his signature, is swearing under oath to the veracity of the allegations in the Complaint. Thus, the Complaint is not actually a verified one. However, there is no requirement under the Federal Rules of Civil Procedure that Plaintiff's Complaint be verified, so it is effectively a non-issue raised by Defendants.

letter dated July 8, 2010, Plaintiff was advised by Defendant Thomas Hoover, Coventry's Town Manager, that the Town Council was meeting in executive session on July 12, 2010 to discuss Plaintiff's job performance. (Document No. 28-6 at p. 2).

On August 13, 2010, Defendant Hoover advised Plaintiff by letter that he was "considering terminating [him] and removing [him] as Finance Director and as a Town employee" for "unacceptable...job performance and conduct" in the following areas:

- Reliability and accuracy of [his] financial reporting and advice;

- Financial and management capabilities;

- Supervision of subordinates;

- Interactions with the Town's independent auditing firm;

- Cooperation on pending financial and legal disputes with the school department and State of Rhode Island that could have adverse financial implications to the Town [the so-called maintenance of effort issue];

- Performance of certain other essential duties as a Financial Department head;

- Unauthorized extension of contract with Town accounting firm.

(Document No. 28-8 at p. 3). Plaintiff was also informed of his entitlement to an "informal hearing" to respond to the issues identified in Defendant Hoover's letter. The hearing was held on August 20, 2010 and, later that same day, Defendant Hoover forwarded a "Termination Notice" to Plaintiff informing him that, "based on the investigation and report referenced in [his] letter to [Plaintiff] dated August 13, 2010 and following the informal due process hearing of today with [his] attorney," Plaintiff's employment was terminated. (Document No. 27-1 at p. 2). Plaintiff was also advised that,

pursuant to Section 51-20(D) of the Coventry Code of Ordinances, he had two weeks to request a hearing before the Town Personnel Board. Id.

Plaintiff made such a request, and hearings were held before the Personnel Board between September 2010 and March 2011. Pursuant to Section 51-20(G) of the Coventry Code of Ordinances, the Personnel Board is empowered to make an "advisory recommendation" to the appointing authority if it "finds by clear and convincing evidence the action of the appointing authority was based on political, religious or racial prejudice." (emphasis omitted). (Document No. 27 at p. 7). On July 28, 2011, the Personnel Board issued its decision and apparently did not make a finding of political prejudice. Plaintiff filed this lawsuit in Rhode Island Superior Court on July 26, 2012, and it was subsequently removed to this Court by Defendants due to the presence of a federal question.

Plaintiff describes his claim as a "civil rights action brought pursuant to 42 U.S.C. Sections 1983 and 1988 and the Fourteenth Amendment of the United States Constitution and State Law." (Document No. 1-1 at p. 1). He seeks equitable relief and damages allegedly caused by Defendants' "illegal employment practices" and asserts that his employment as Finance Director was terminated "without the requisite due process afforded a town employee, in violation of the Coventry Town Charter, Municipal Code for the Town of Coventry, State Law, the Rhode Island Constitution and the United States Constitution." Id. He sues Coventry's Town Manager, Town Council Members, Finance Director, Town Solicitors and Special Legal Counsel.[2]

---

[2] Defendants Rogers and Tobin acted as Town Solicitor during relevant periods and also served, pursuant to Section 51-20(J) of the Coventry Code of Ordinances, as a "non-voting" hearing officer to preside over the Personnel Board hearing and to make evidentiary rulings. (See Document No. 32-31 at p. 3). Defendant Larisa was hired as Special Counsel in both the maintenance of effort matter and to present the Town's case for termination of Plaintiff to the Personnel Board. Plaintiff's Complaint does not specify whether these individuals are sued in their personal or official capacities.

Plaintiff's Complaint contains seven counts. Count I alleges that the Town violated the Town Charter by failing to maintain a Personnel Board as required and asserts that the Town Council appointed members to the Personnel Board after his suspension for the "sole purpose" of terminating his employment. Count II alleges a due process violation based on the alleged appointment of an unqualified member to the Personnel Board in violation of the Town's Code of Ordinances. Count III alleges a procedural due process violation due to denial of a fair hearing before the Personnel Board. In particular, it asserts that Plaintiff was denied the opportunity to compel the attendance of witnesses relevant to the issue of whether his termination was the result of "political prejudice." Count IV alleges "unlawful discharge" in violation of Rhode Island's Whistleblowers' Protection Act, R.I. Gen. Laws § 28-50-4. Count V alleges the presence of an "inherent conflict of interest" in having the same law firm represent both the Town Council and School Department regarding the maintenance of effort issue and then "in turn hiring/appointing [Defendant] Larisa to act as its agent not only in representing the Town of Coventry and its agent Plaintiff Warren West as it relates to the Rhode Island Department of Education matter and also further representing the Town...and its Town Manager by prosecuting the Plaintiff...at his Personnel Board hearing." Finally, Counts VI and VII make various allegations arising out of a claim that the Town Solicitor and Special Legal Counsel violated the attorney-client privilege by misusing confidential information that was obtained from Plaintiff during the course of representing him in the maintenance of effort matter. Plaintiff alleges that such information was improperly disclosed and used against him in the Personnel Board proceedings.

**Discussion**

In their Second Motion to Dismiss, Defendants' move for dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief may be granted. (Document No. 22 at p. 1). Defendants Rogers and Larisa also move alternatively for dismissal pursuant to Rule 12(b)(6)

on grounds of judicial or quasi-judicial immunity. (Document No. 23). A motion under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Rule 12(b), Fed. R. Civ. P. In other words, a defendant may initially respond to a properly-served complaint by either filing an answer to the complaint or a defensive motion under Rules 12(b), (e) or (f). Here, Defendants initially elected to answer Plaintiff's Complaint (see Document Nos. 6 and 18) and thus cannot subsequently move under Rule 12(b). However, the defense of failure to state a claim is not waived if not initially presented by motion and may be raised in the answer or by a motion under Rule 12(c), Fed. R. Civ. P., for judgment on the pleadings. See Rule 12(h), Fed. R. Civ. P. Since Defendants have previously answered Plaintiff's Complaint, their Motions under Rule 12(b)(6) are not properly before the Court.

However, even if the Court construed the Motions as properly brought under Rule 12(c), the Motions are not adequately supported. Pursuant to Local Rule Cv 7(a), every motion, including one under Rule 12(c), must be accompanied by "a separate memorandum of law setting forth the reasons why the relief requested should be granted and any applicable points and authorities supporting the motion." (emphasis added). Defendants' supporting Memorandum to their Second Motion to Dismiss relies generally on the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), but makes no effort to conduct a count-by-count legal analysis of the sufficiency of Plaintiff's allegations. Rather, Defendants embark on what is described as a "deconstruction" of Plaintiff's Complaint, i.e., to "analyze its architecture and reverse engineer it, by stripping away all but true factual allegations." (Document No. 22-1 at p. 8). However, under Rules 12(b)(6) and 12(c), the Court must accept a plaintiff's well-pleaded factual allegations as true and "then determine whether they plausibly give rise to an entitlement to relief" under the applicable law. Iqbal, 556 U.S. at 679. The analysis does not permit a defendant to unilaterally determine which factual allegations are true and to "strip away" the

remainder. Defendants' "deconstruction" process resulted in two exhibits appended to their supporting Memorandum. Neither are helpful to the Court's task.

The first, Exhibit A, is a running commentary on Plaintiff's allegations. (Document No. 22-1). It contains no citation to any legal precedent and no organized legal analysis. It includes a number of open-ended questions and unhelpful descriptions of Plaintiff's allegations. For instance, Defendants describe Count III as a "bouillabaisse of mixed conclusory and factual assertions." The document then proceeds to overly complicate a fairly straight-forward claim[3] and does not offer any cogent legal analysis as to whether or not the factual allegations in Count III state a plausible procedural due process claim. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived....It is not enough merely to mention a possible argument in the most skeletal way, leaving the Court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

As to paragraph 66 of the Plaintiff's Complaint, Defendants provide a grammar lesson regarding the improper use of "it" as a pronoun. (See Document No. 22-1 at p. 29). They then contend that the grammatical error made the allegation "insusceptible to an answer." Id. While paragraph 66 could have been drafted better and is somewhat ambiguous as to who decided to hire Defendant Larisa to represent the Town in the maintenance of effort investigation, the point is clear to the Court in the context of all of the allegations constituting Count VI. Plaintiff essentially alleges that he was represented by Defendants Rogers and Larisa in connection with the maintenance of effort matter and provided confidential information to them "under the auspices of attorney-client privilege and attorney-client confidentiality." He then alleges that Defendants Rogers and Larisa violated the

---

[3] Count III alleges a procedural due process violation due to denial of a fair hearing before the Personnel Board. In particular, Plaintiff claims that he was denied the opportunity to compel the attendance of witnesses relevant to the operative issue of whether his termination was the result of "political prejudice."

"canon of ethics" and his right to a "fair hearing" before the Personnel Board by using such confidential information against him in their respective roles as hearing officer and prosecutor in that process.

Defendants' commentary and grammar lesson simply do not assist the Court in analyzing the legal viability of Plaintiff's Complaint. It would have been more helpful if Defendants had analyzed, with supporting legal authority, the legal issues presented by Count VI such as whether or not Plaintiff ever had an attorney-client relationship with Defendants Rogers and/or Larisa and whether or not they were ethically precluded from using any information obtained from Plaintiff in other matters adverse to Plaintiff involving their representation of the Town. See Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) ("Judges are not expected to be mind readers. Consequently, a litigant has an obligation to 'spell out its arguments squarely and distinctly.'").

The second, Exhibit B, is purportedly a "redacted" Complaint showing factual allegations in the light most favorable to Plaintiff. It includes numerous redactions of facts which are unilaterally identified as "conclusory" by Defendants. However, many of the deleted portions are not conclusory and, pursuant to both Rule 12(b)(6) and Rule 12(c), must be accepted as true by the Court at this stage. Thus, the document does not show the facts alleged in the light most favorable to Plaintiff as claimed by Defendants. It appears that Defendants "redacted" many of the allegations that were denied in their Amended Answer. (Document No. 18). Unilaterally "redacting" well-plead factual allegations does not make them disappear and excuse the Court from its obligation under Rule 12(b) to accept them as true in determining if Plaintiff's Complaint states a viable legal claim. Defendants also redacted portions of allegations which they deemed to be "conclusory." However, it appears that the allegations redacted as "conclusory" are generally allegations that are factually disputed by Defendants. For instance, in paragraph 69, Defendants include the allegation that Defendant Rogers, "acting as Town

Solicitor, was in fact representing the Town of Coventry" but redact as "conclusory" the remainder which asserts that he also represented the Town's "agents including but not limited to the Plaintiff Warren West." (See Document No. 22-1 at p. 36). While the Court understands that Defendants deny the existence of any attorney-client relationship with Plaintiff, Plaintiff makes the allegation and Defendants need to do more than "redact" the allegation to convince the Court that Plaintiff's claims in that regard are not plausible and fail to state a claim.

As to Defendants Rogers and Larisa's Second Motion for Partial Summary Judgment pursuant to Rule 56(a), Fed. R. Civ. P., (Document No. 23), the Motion fails to conform to the requirements of the applicable procedural rules. Local Rule Cv 56(a)(1) requires that a motion for summary judgment "shall be accompanied by a separate Statement of Undisputed Facts that concisely sets forth all facts that the movant contends are undisputed and entitle the movant to judgment as a matter of law." The Statement must be filed as a "separate document" with each "fact" set forth in a separate, numbered paragraph with an identification of the evidence establishing the fact. See Local Rule Cv 56(a)(2). Defendants Rogers and Larisa's Motion is not accompanied by a Statement of Undisputed Facts and thus does not comply with Local Rule Cv 56(a) and may be denied on that basis alone.

However, even if that noncompliance was excused, Defendants Rogers and Larisa have simply not made a sufficiently supported showing at this time to warrant the dismissal of Plaintiff's Complaint. Defendants Rogers and Larisa move for dismissal solely "on the ground that they are protected from suit, in the facts of this matter, by the doctrine of judicial immunity." (Document No. 23 at p. 1). In response, Plaintiff concedes that Rogers and Larisa should have been protected by immunity, qualified or judicial, but argues that their actions "within the entire context of the prior attorney-client relationship with [him]" nullifies any immunity. (Document No. 31 at p. 2). In their Reply brief, Defendants dispute the existence of any attorney-client relationship with Plaintiff.

(Document No. 33 at pp. 5-10).  However, the Reply brief provides no legal support for Defendants' argument.  It cites a state statute defining the "practice of law," the Bible, the Latin roots of the word attorney, and a short story written by Sir Arthur Conan Doyle.  It does not cite any legal decisions setting forth the factors to be considered in determining whether or not an attorney-client relationship has been created, and it does not apply such factors to the factual allegations in Plaintiff's Complaint.

While I am recommending that Defendants' Motions be denied, my recommendation should not suggest a conclusion that I have found Plaintiff's Complaint to be well plead and that all seven counts contain legally viable claims.  Rather, my recommendation is necessitated by Defendants' noncompliance with applicable procedural rules and, more directly, their failure to conduct a legally supported count-by-count analysis of the legal viability of Plaintiff's claims.

Plaintiff's Complaint is confusing and does not clearly spell out which claims are being made against which Defendants and does not clearly identify the legal bases of such claims.  In the introductory paragraph to the Complaint, Plaintiff alleges generally that his termination was "in violation of the Coventry Town Charter, Municipal Code for the Town of Coventry, State Law, the Rhode Island Constitution and the United States Constitution." (Document No. 1-1 at p. 1).  However, every count, regardless of the claim and the available remedies, is followed by the exact same prayer for relief seeking a declaration that "Defendants" violated his Fourteenth Amendment rights and the entitlement to various remedies including job reinstatement and back pay.  Of course, this makes no sense as to the Counts that do not allege any constitutional or employment-related claims.  For instance, Count I alleges only that the Town violated its Home Rule Charter by failing to maintain an active and ongoing Personnel Board and thus it would provide no basis upon which to declare a Fourteenth Amendment violation or award reinstatement and back pay to Plaintiff.

There are additional flaws on the face of Plaintiff's Complaint that Defendants fail to raise and substantively address in their Motions. For instance, in Count III, Plaintiff alleges that the Personnel Board violated his "procedural due process rights by denying him the right to a fair hearing." Id. at p. 7. However, neither the Personnel Board nor any of its members are named as Defendants in this case. In Count IV, Plaintiff alleges that he was unlawfully discharged as Finance Director in violation of R.I. Gen. Laws § 28-50-4, the Whistleblowers' Protection Act (the "Act"). He neglects, however, to specifically identify which of the Defendants he is suing under the Act. In addition, in paragraph 55, he alleges that his termination was in retaliation for political reasons. However, the Act does not provide a cause of action for political retaliation. It generally protects employees from adverse action for reporting violations of the law to a governmental agency or official. See R.I. Gen. Laws § 28-50-3. While Count IV does not appear to state a claim for relief under the Act, Defendants completely fail to analyze the claim in the context of the Act or even to mention the Act in their legal memoranda or "deconstruction" exhibits.

In Count V, Plaintiff alleges the existence of an "inherent conflict of interest" that should have prohibited Defendant Rogers and another employee of his former law firm from representing either the Town or the School Department in the maintenance of effort matter. (Document No. 1-1 at p. 12). However, it is unclear if that claim is brought against Defendant Rogers, his former law firm (which is not a named Defendant) or any of the other named Defendants. Count V also fails to identify any legal basis for the claim that would entitle Plaintiff to relief and does not plead any facts suggesting how Plaintiff would have legal standing to sue based on this alleged conflict of counsel in simultaneously representing both the Town and the School Department.

Unfortunately, despite these apparent flaws, Defendants chose to editorialize generally as to Plaintiff's allegations rather than to provide the Court with a legally supported, count-by-count

analysis. Since Plaintiff is not proceeding in forma pauperis, the Court has no statutory or procedural authority to itself conduct such an analysis. Rather, in our adversarial system, it is Defendants who bear the burden of developing and supporting their arguments for dismissal. Defendants have not presently done so here.

**Conclusion**

For the foregoing reasons, I recommend that Defendants' Second Motion to Dismiss (Document No. 22) and Defendants Rogers and Larisa's Second Motion for Partial Summary Judgment or, in the Alternative, to Dismiss (Document No. 23) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


 /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 22, 2014